THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
JESÚS RODRÍGUEZ COLÓN, Defendant and Appellant.

No. CR-67-73.    Decided December 18, 1967.

*Santos P. Amadeo, Francisco Coll Moya,* and *Gustavo Marrero Ledesma* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted by a jury of Murder in the First Degree and sentenced to life imprisonment.

He alleges that the trial court committed error 1) in not defining adequately to the jury the meaning of reasonable doubt, 2) in admitting in evidence two photographs of the victim, and 3) in that "the phrases of the information, in which defendant is charged *with having an abandoned and*

*malignant heart,* deprived him of his right to an impartial trial, and violated the constitutional guarantees of the presumption of innocence and of reasonable doubt."

The facts, as correctly summarized by the Solicitor General in his Report, are the following:

"Jesús Rodríguez Colón was a car watchman in La Marina of San Juan. On May 1, 1962, he was driving a car in the suburbs of Cataño. At about ten thirty in the nighttime, he invited nine-year-old Domingo Hernández Apellaniz, the minor José Antonio Gil, known as Cara Sucia, Genaro Otero Reyes, Blas Martínez, and an individual known as El Ciego for a drive in his car; and they went to the beach at Punta Salinas. Genaro and Blas alighted from the car at Bay View, when they learned from Rodríguez Colón, alias Pisisi, that the car was stolen. The other passengers remained in the car until they reached the beach of Puntas Salinas. Pisisi said that they were going fishing, and he went towards the beach together with the child Domingo. El Ciego stayed in the car, and Cara Sucia was behind them.

"When they reached the beach, the defendant grabbed Domingo by the shirt; when the latter resisted, Pisisi hit him with a wrench. The boy could not scream because the defendant had muffled his mouth. When the boy fell, the defendant pulled his pants down, opened his zipper, and he climbed on top of him for twenty minutes. Once the act was accomplished, Jesús Rodríguez Colón dragged the boy to the beach, went into the water and pushed the boy towards the sea with a bamboo, abandoning him there. Next day the body of the nine-year-old boy was found drowned." (Solicitor General's Report, pp. 1 and 2.)

The cause of death was asphyxia by submersion.

In discussing the first error, the appellant, after citing some portions of the instructions on reasonable doubt, argued that said instructions were contradictory and vague, and could have induced the jury to err in finding the defendant guilty. The judge instructed the jury in the following manner:

"Every defendant in a criminal proceeding is presumed to be innocent. This presumption of innocence protects him during

the whole proceeding, and even in the course of your deliberations. This means, and its consequence is that you can only find someone guilty in a case, when it is believed that the evidence has established its case, the case against the defendant, beyond a reasonable doubt. Therefore, the jury in its deliberations must assume that the defendant is innocent, and then determine, after a cautious examination of the evidence, whether they are convinced beyond a reasonable doubt that the defendant is guilty of the crime with which he is charged in the information, and if you are not convinced you must bring a verdict of acquittal. In other words, the law requires acquittal if there is a reasonable doubt as to the guilt of the defendant in relation to the commission of any crime.

"Reasonable doubt is not any imaginary doubt. It is not the doubt which may be produced by a temperament that is not given to the deliberation of a case; what the law understands by reasonable doubt is that doubt which justifies acquittal. Only the state of mind of a trier of moderate courage, conscientious, who seeks truth in the evidence, studies it cautiously, considers and weighs all the instructions of law given by the judge, pertinent to the case, and who after that process, does not find within himself a sufficient moral certainty with respect to the guilt of the defendant, that is the case which requires acquittal by law because of reasonable doubt. The prosecuting attorney must prove his case beyond a reasonable doubt, but he is not bound to prove a case beyond all possible doubt, because this situation cannot be achieved within reality, no case can be proven beyond all possible doubt. The law requires that the guilt of the defendant be established beyond a reasonable doubt, if a reasonable doubt exists, he should be acquitted.

"I have already told you that if there is doubt with respect to the guilt of the defendant, this should produce an acquittal, however, if the doubt of the trier resides in whether the defendant committed a crime of a greater or lesser degree, if it lies in that, then the law requires that the conviction be for the lesser offense. The law says that if there is any doubt, that if the doubt resides in whether the defendant committed the greater or lesser offense, and if it lies in that, then he should convict for the lesser offense. However, if there is doubt as to the guilt, in general, in that case the law requires acquittal.

If the doubt resides on whether defendant committed a greater or lesser offense, then the law requires that conviction be for the lesser offense." (Instructions, pp. 12 to 14.)

■ These instructions conform substantially to those authorized in the cases of *People* v. *Vilar*, 17 P.R.R. 1015, 1018 (1911) ; *People* v. *Cancel*, 13 P.R.R. 179, 188–189 (1907) ; *People* v. *Dones*, 9 P.R.R. 423, 431 (1905).

■ The prosecuting attorney offered, and the court admitted in evidence, two photographs of the corpse of the boy, Domingo Hernández, taken the following day at the scene of the crime. The photographs revealed a bump on the forehead of the murdered boy. Although the defense objected to the admission of the photographs, it did not file an objection to the authenticity of what they represented. If it is considered that a witness for the prosecution testified that the defendant hit the boy on the forehead with a wrench, the photographs tended to corroborate that particular of the said witness' testimony, and they were not presented, as appellant alleges, to impress the jury or influence them against him. See, however, *People* v. *Rivera*, 83 P.R.R. 452, 464 (1961), and also *People* v. *Pacheco*, 83 P.R.R. 812 (1961) ; *People* v. *Torres*, 75 P.R.R. 219 (1953) ; *People* v. *Rivera*, 69 P.R.R. 500 (1949) ; *People* v. *Zayas*, 65 P.R.R. 504 (1946). The error was not committed.

The third and last error was not committed either.

■ The phrase "having an abandoned and malignant heart" used in the information does not deprive the defendant-appellant of his right to an impartial trial nor did it violate his constitutional guarantees of the presumption of innocence and reasonable doubt.

Even if that phrase had not been used in the information, it was the judge's duty in instructing the jury on malice aforethought, since it involved a crime of murder in the first degree, that such malice may be express or implied, and that

it is implied when no considerable provocation appears, or when the circumstances attending the killing *show* an *abandoned and malignant heart*. Section 200 of the Penal Code, 33 L.P.R.A. § 632.

As to reasonable doubt, the judge said to the jury in his instructions: "Every defendant in a criminal proceeding is presumed to be innocent. This presumption of innocence protects him during the whole proceeding, and even in the course of your deliberations." The challenged phrase is only an allegation subject to be proved by the prosecuting attorney like all the other allegations of the information.

Since none of the errors assigned was committed, the judgment appealed from will be affirmed.

Mr. Justice Belaval did not participate herein.